# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DORMAN PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PACCAR, INC. <br><br> Defendant. | Civil Action No. _____ <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Dorman Products, Inc. ("Dorman") by and through its undersigned counsel, hereby complains of Defendant PACCAR, Inc. ("PACCAR"), as follows:

### Nature Of The Action

1. This is an action for (1) declaratory judgment seeking a declaration of invalidity of U.S. Design Patent No. D426,905 ("'905 Patent") pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq.*; (2) unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*; (3) unfair competition in violation of Pennsylvania common law and the Pennsylvania Unfair Trade Practices Law, 73 P.S. § 201; (4) tortious interference with business relations in violation of Pennsylvania common law; and (5) for such other relief as the Court deems just and proper.

## The Parties

2.      Dorman is a Pennsylvania corporation with its principal place of business at 3400 East Walnut Street, Colmar, Pennsylvania, 18915.

3.      Upon information and belief, PACCAR is a Delaware corporation with a principal place of business at 777 106th Avenue NE, Bellevue, Washington 98004.

4.      Dorman supplies automotive replacement parts to the automotive aftermarket and mass merchandise markets, which includes retailers such as O'Reilly Automotive, Inc. (d/b/a O'Reilly Auto Parts) ("O'Reilly").

5.      Upon information and belief, O'Reilly is a Missouri corporation with a principal place of business at 233 South Patterson Avenue, Springfield, Missouri 65802.

## Jurisdiction And Venue

6.      This Court has subject matter jurisdiction over Dorman's claims under at least the Patent Act, 35 U.S.C. §§ 101, 102, 103, 112, and/or 171, and the Lanham Act, 15 U.S.C. § 1051 *et seq.* Subject matter jurisdiction is conferred by 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(b) (unfair competition); and 15 U.S.C. § 1121 (Lanham Act). This Court has supplemental jurisdiction over Dorman's state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

## Existence Of An Actual Case And Controversy Between The Parties

8. PACCAR alleges it is the owner of the '905 Patent, which is entitled, "Exterior Surface Configuration of a Truck Headlight." A copy of the '905 Patent is attached as Exhibit A.

9. On or about September 24, 2013, PACCAR's counsel sent Dorman a letter asserting that Dorman's sales of and offers to sell headlamps identified as Dorman Product Nos. 888-5403 and 888-5404 constituted infringement of the '905 Patent. A copy of this letter from PACCAR's counsel ("Dorman Letter") is attached as Exhibit B.

10. On or about October 22, 2013, PACCAR's counsel sent O'Reilly a letter asserting that O'Reilly's sales of and offers to sell Dorman headlamps identified as O'Reilly Product Nos. 888-5403 and 888-5404 constituted infringement of the '905 Patent. A copy of this letter from PACCAR's counsel ("O'Reilly Letter") is attached as Exhibit C.

11. The Dorman and O'Reilly Letters threaten to pursue legal remedies in the event that PACCAR does not receive a satisfactory response by November 5, 2013.

12. There is a substantial controversy between Dorman and PACCAR because Dorman has a reasonable apprehension of being sued for infringement by PACCAR.

13. In light of PACCAR'S demands and the November 5, 2013 deadline imposed by PACCAR, this controversy is of sufficient immediacy and reality to

justify the issuance of a declaratory judgment regarding the parties' respective rights as they relate to the '905 Patent.

14. A judicial declaration is necessary and appropriate so that Dorman may continue its commercial activities without fear of the '905 Patent.

**Facts About The Patent In Dispute**

15. As shown in Figures 1-5 of the '905 Patent, the disclosed subject matter is limited to just a bezel that covers a headlight.

16. In Figures 1-5 of the '905 Patent, the headlight bezel is shown in a solid line and the surrounding fender portion and structure of a truck is shown in broken lines.

17. As such, the '905 Patent claims the bezel covering the headlight as the decorative feature while disclaiming any features of the headlight, fender, or truck beyond the outline of the bezel.

18. As shown in Figures 1-5 of the '905 Patent, the claimed headlight bezel is only represented in the context of the truck's fender, and its shape is dictated by the fender, which is not claimed.

19. As a matter of law, pursuant to 35 U.S.C. § 171, the '905 Patent, as a design patent, only covers the ornamental features of the claimed invention and cannot cover features that are wholly functional.

**The Features Claimed In The '905 Patent Are Wholly Functional**

20. As shown in Figures 1-5 in the '905 Patent, the claimed features of the headlight bezel consist entirely of the functional portion of the clear surface and the outline surrounding that clear surface.

21. Specifically, the '905 Patent claims the exterior surface of a headlight bezel which, as shown in Figures 1-5, is directly dictated and contingent upon the shape of the fender in which it rests and only exists in the context of the particular fender's shape, which is shown but not claimed.

22. There is no ornamental feature reflected in of the headlight bezel shown in the '905 Patent and the bezel is a wholly functional.

23. The '905 Patent is claiming an entirely functional device, as opposed to a device that is ornamental.

24. Additionally, the shape of the headlight bezel design shown in Figures 1-5 of the '905 Patent is a functional feature dictated by the fender.

## COUNT I

### Declaratory Judgment That U.S. Patent No. D426,905 is Invalid

25. Dorman incorporates paragraphs 1-24 by reference as if set forth in full.

26. The '905 Patent is invalid for failure to comply with one or more of the conditions for patentability set forth in the United States Patent Act, in particular 35 U.S.C. §§ 101, 102, 103, 112 and/or 171.

27. The '905 Patent claims an exterior surface configuration of a headlight bezel, as shown in Figures 1-5.

28. As shown in Figures 1-5 in the '905 Patent, the claimed headlight bezel is entirely functional and if shape is dictated by the surrounding fender.

29. There is no ornamental design to the claimed headlight bezel configuration covered in the '905 Patent.

30. Additionally, the bezel shape shown in Figures 1-5 of the '905 Patent is a functional feature that is required for the bezel to conform to the shape of the truck fender.

31. The bezel claimed in the '905 Patent is not patentable subject matter under 35 U.S.C. §§ 101, 171 because it is wholly functional.

32. A judicial declaration is necessary under the circumstances to resolve this controversy. Dorman is entitled to a declaratory judgment that the '905 Patent is invalid.

## COUNT II

### Unfair Competition Under The Lanham Act

33. Dorman incorporates by reference paragraphs 1-32 as if set forth in full.

34. PACCAR has accused Dorman's products of infringing the '905 Patent (*See* Exhibit B).

35. PACCAR has made representations to Dorman's customers, including O'Reilly Auto Parts (*See* Exhibit C), that Dorman's products infringe the '905 Patent.

36. PACCAR has made representations to the relevant purchasers that Dorman's products infringe the '905 Patent.

37. The '905 Patent is invalid and unenforceable.

38. Upon information and belief, PACCAR knows or should have known that the '905 Patent is invalid and its infringement assertions against Dorman and O'Reilly are false and/or misleading representations of fact.

39. PACCAR's infringement assertions against Dorman and O'Reilly misrepresent the nature, characteristics, and qualities, of Dorman's goods and commercial activities.

40. PACCAR's infringement assertions against Dorman and O'Reilly have occurred in interstate commerce.

41. PACCAR made the aforementioned infringement assertions with the knowledge that the '905 Patent is invalid, and knowingly asserted this invalid patent with the purpose of interfering with the commercial relationship between Dorman and O'Reilly, as well as between O'Reilly and O'Reilly's customers and any related sellers and/or buyers of the Dorman headlights.

42. The representations by PACCAR have caused damage to Dorman's reputation.

43. PACCAR did not have a good faith basis for making the infringement assertions against Dorman and O'Reilly.

44. Each such act by PACCAR has been willful.

45. PACCAR will continue to engage in unfair competition and Dorman will continue to be harmed by PACCAR's unfair competition unless PACCAR is enjoined by this Court.

## COUNT III

### State And Common Law Unfair Competition, 73. P.S. § 201

46. Dorman incorporates by reference paragraphs 1-45 as if set forth in full.

47. PACCAR's conduct, as alleged herein, has been and is affecting commerce.

48. PACCAR's conduct, as alleged herein, has been unfair and deceptive.

49. Upon information and belief, PACCAR knew or should have known that its infringement assertions against Dorman and O'Reilly are false and misleading because the subject matter of the '905 Patent is wholly functional; the '905 Patent is invalid; and, there is no infringement.

50. PACCAR's conduct, as alleged herein, has disparaged the goods, services, and/or business of Dorman by false and/or misleading representation of facts.

51. The foregoing acts of PACCAR constitute unfair competition in violation of 73 P.S. § 201 and in violation of the common law of the Commonwealth of Pennsylvania.

52. PACCAR's conduct, as alleged herein, has caused injury to Dorman, and has negatively affected the goodwill and positive reputation enjoyed by Dorman in the automotive parts industry.

53. Upon information and belief, PACCAR will continue to engage in its acts of unfair competition unless enjoined by this Court.

## COUNT IV

### Tortious Interference With Business Relations Under Common Law

54. Dorman incorporates by reference paragraphs 1-53 as if set forth in full.

55. This cause of action arises under the laws of the Commonwealth of Pennsylvania.

56. PACCAR has maliciously and without any justification interfered with existing and prospective business relations between Dorman and its customers, including at least O'Reilly, by contacting Dorman's customers and asserting that the Dorman headlights infringe the '905 Patent, which PACCAR knows or should have known is invalid and unenforceable.

57. Dorman maintains existing and/or prospective contractual relationships with its customers, including O'Reilly, in the automotive parts industry through the regular sale and/or distribution of Dorman automotive parts.

58. The false and/or misleading infringement allegations by PACCAR against Dorman and communicated to Dorman customers, such as O'Reilly (*See*

Exhibits B-C), were by PACCAR purposefully and with the specific intent to harm Dorman's existing customer relations, as well as to prevent the commencement of prospective relations and new business dealings between Dorman and potential customers.

59. PACCAR's false and/or misleading infringement allegations against Dorman are wholly without justification because the bezel design claimed in the '905 Patent is wholly functional, and PACCAR knows or should have known that the '905 Patent is invalid and unenforceable. PACCAR is in no way privileged or otherwise justified in contacting Dorman and/or Dorman's customers and making baseless infringement assertions.

60. Upon information and belief, PACCAR's false and/or misleading infringement allegations have directly caused Dorman to lose sales of its headlight products to existing and/or potential customers.

61. PACCAR will continue to maliciously interfere with Dorman's existing and prospective business relations by making false and/or misleading infringement allegations unless enjoined by this Court.

WHEREFORE, Dorman prays for entry of a judgment:

(a) Declaring that U.S. Design Patent No. D426,905 Patent is invalid and unenforceable;

(b) Declaring that Dorman has not directly or indirectly infringed U.S. Design Patent No. D426,905;

(c) Enjoining PACCAR and its respective officers, agents, servants, employees, attorneys, successors, and assignees and all persons in active concert or participation with either, or any of them, form making statements and/or charges to third parties that the using or causing to be used, selling and/or offering for sale the Dorman headlight products constitutes an infringement of the '905 Patent;

(d) Awarding Dorman a full recovery for PACCAR's acts of unfair competition in violation of the Lanham Act, Pennsylvania common law, and the Pennsylvania Unfair Trade Practices Law;

(e) Awarding Dorman punitive damages for PACCAR's acts of tortious interference with business relations in violation of Pennsylvania common law;

(f) Declaring that this case is exceptional pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117 and awarding Dorman its attorneys' fees on this basis;

(g) Granting Dorman's costs, expenses, and attorneys' fees in this action under any and all applicable statutes; and

(h) Granting Dorman such other relief as this Court deems just and equitable.

Dated: November 1, 2013

Respectfully submitted,

_____
Anthony S. Volpe (I.D. No. 24,733)
Ryan W. O'Donnell (I.D. No. 89,775)
John P. Sullivan (I.D. No. 309,150)
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400
*Attorneys for Plaintiff*
*Dorman Products, Inc.*