IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DORMAN PRODUCTS, INC., | ) | Civil Action No. 2:13-cv-06383-JD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PACCAR INC, | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT PACCAR INC'S ANSWER TO COMPLAINT FOR DECLARATORY
JUDGMENT AND COUNTERCLAIMS WITH DEMAND FOR JURY TRIAL**

Defendant PACCAR Inc ("PACCAR" or "Defendant"), by and through its undersigned attorneys, responds to the Complaint for Declaratory Judgment filed by Dorman Products, Inc. ("Dorman" or "Plaintiff") as follows:

**ANSWER**

PACCAR denies any and all allegations contained in the Complaint that are not specifically admitted.

**Nature Of The Action**

1.      PACCAR admits that the Complaint purports to (1) seek a declaration that U.S. Design Patent No. D426,905 ("the '905 patent") is invalid; (2) allege unfair competition in violation of the Lanham Act (15 U.S.C. § 1051 *et seq.*); (3) allege unfair competition in violation of Pennsylvania common law and the Pennsylvania Unfair Trade Practices Law, 73 P.S. § 201; (4) allege tortious interference with business relations in violation of Pennsylvania common law; and (5) seek such other relief as the Court deems just and proper.  PACCAR denies the remaining allegations contained in Paragraph 1 of the Complaint.

**The Parties**

2.      PACCAR lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2 of the Complaint and therefore denies them.

3.      PACCAR admits the allegations contained in Paragraph 3 of the Complaint.

4.      PACCAR admits the allegations contained in Paragraph 4 of the Complaint.

5.      PACCAR lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Complaint and therefore denies them.

**Jurisdiction And Venue**

6.      PACCAR admits that this Court has subject matter jurisdiction over Dorman's claims.  Paragraph 6 of the Complaint also contains legal conclusions to which no response is required.  To the extent responses are required, PACCAR denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.      PACCAR admits that venue is proper in this District.  Paragraph 7 of the Complaint also contains legal conclusions to which no response is required.  To the extent responses are required, PACCAR denies the remaining allegations contained in Paragraph 7 of the Complaint.

**Existence Of An Actual Case And Controversy Between The Parties**

8.      PACCAR admits the allegations contained in Paragraph 8 of the Complaint.

9.      PACCAR admits the allegations contained in Paragraph 9 of the Complaint.

10.      PACCAR admits the allegations contained in Paragraph 10 of the Complaint.

11.      PACCAR admits the allegations contained in Paragraph 11 of the Complaint.

12.      PACCAR admits the allegations contained in Paragraph 12 of the Complaint.

13.      PACCAR admits the allegations contained in Paragraph 13 of the Complaint.

14.      PACCAR admits that a judicial declaration is necessary and appropriate. PACCAR denies the remaining allegations contained in Paragraph 14 of the Complaint.

**Facts About The Patent In Dispute**

15.     Paragraph 15 of the Complaint contains legal conclusions to which no response is required.  To the extent responses are required, PACCAR denies all allegations contained in Paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint contains characterizations of a document, and the document speaks for itself.  PACCAR denies all remaining allegations contained in Paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint contains legal conclusions to which no response is required.  To the extent responses are required, PACCAR denies all allegations contained in Paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint contains characterizations of a document, and the document speaks for itself.  Paragraph 18 of the Complaint also contains legal conclusions to which no response is required.  To the extent responses are required, PACCAR denies all remaining allegations contained in Paragraph 18 of the Complaint.

19.     Paragraph 19 of the Complaint contains legal conclusions to which no response is required.  To the extent responses are required, PACCAR denies all allegations contained in Paragraph 19 of the Complaint.

**The Features Claimed In The '905 Patent Are Wholly Functional**

20.     Paragraph 20 of the Complaint contains characterizations of a document, and the document speaks for itself.  Paragraph 20 of the Complaint also contains legal conclusions to which no response is required.  To the extent responses are required, PACCAR denies all allegations contained in Paragraph 20 of the Complaint.

21.     Paragraph 21 of the Complaint contains characterizations of a document, and the document speaks for itself.  Paragraph 21 of the Complaint also contains legal conclusions to which no response is required.  To the extent responses are required, PACCAR denies all allegations contained in Paragraph 21 of the Complaint.

22.     Paragraph 22 of the Complaint contains characterizations of a document, and the document speaks for itself.  Paragraph 22 of the Complaint also contains legal conclusions to which no response is required.  To the extent responses are required, PACCAR denies all allegations contained in Paragraph 22 of the Complaint.

23.     Paragraph 23 of the Complaint contains legal conclusions to which no response is required.  To the extent responses are required, PACCAR denies all allegations contained in Paragraph 23 of the Complaint.

24.     Paragraph 24 of the Complaint contains characterizations of a document, and the document speaks for itself.  Paragraph 24 of the Complaint also contains legal conclusions to which no response is required.  To the extent responses are required, PACCAR denies all allegations contained in Paragraph 24 of the Complaint.

## COUNT I

### Declaratory Judgment That U.S. Patent No. D426,905 is Invalid

25.     PACCAR restates and incorporates by reference its responses to the allegations contained in Paragraphs 1-24 as though fully set forth herein.

26.     PACCAR denies the allegations contained in Paragraph 26 of the Complaint.

27.     Paragraph 27 of the Complaint contains characterizations of a document, and the document speaks for itself.  Paragraph 27 of the Complaint also contains legal conclusions to which no response is required.  To the extent responses are required, PACCAR denies all allegations contained in Paragraph 27 of the Complaint.

28.     Paragraph 28 of the Complaint contains characterizations of a document, and the document speaks for itself.  Paragraph 28 of the Complaint also contains legal conclusions to which no response is required.  To the extent responses are required, PACCAR denies all allegations contained in Paragraph 28 of the Complaint.

29.     Paragraph 29 of the Complaint contains legal conclusions to which no response is required.  To the extent responses are required, PACCAR denies all allegations contained in Paragraph 29 of the Complaint.

30.     Paragraph 30 of the Complaint contains characterizations of a document, and the document speaks for itself.  Paragraph 30 of the Complaint also contains legal conclusions to which no response is required.  To the extent responses are required, PACCAR denies all allegations contained in Paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint contains legal conclusions to which no response is required.  To the extent responses are required, PACCAR denies all allegations contained in Paragraph 31 of the Complaint.

32.     PACCAR admits that a judicial declaration is necessary to resolve the controversy between the parties.  PACCAR denies all remaining allegations contained in Paragraph 32 of the Complaint.

## COUNT II

## Unfair Competition Under The Lanham Act

33.     PACCAR restates and incorporates by reference its responses to the allegations contained in Paragraphs 1-32 as though fully set forth herein.

34.     PACCAR admits the allegations contained in Paragraph 34 of the Complaint.

35.     PACCAR admits the allegations contained in Paragraph 35 of the Complaint.

36.     PACCAR lacks knowledge or information relating to the activity alleged in Paragraph 36 of the Complaint and therefore denies that such activity has occurred.

37.     PACCAR denies the allegations contained in Paragraph 37 of the Complaint.

38.     PACCAR denies the allegations contained in Paragraph 38 of the Complaint.

39.     PACCAR denies the allegations contained in Paragraph 39 of the Complaint.

40.     PACCAR admits the allegations contained in Paragraph 40 of the Complaint.

41.     PACCAR denies the allegations contained in Paragraph 41 of the Complaint.

42.     Paragraph 42 of the Complaint contains legal conclusions to which no response is required.  To the extent responses are required, PACCAR lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 42 of the Complaint and therefore denies them.

43.     PACCAR denies the allegations contained in Paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint contains legal conclusions to which no response is required.  To the extent responses are required, PACCAR denies the allegations contained in Paragraph 44 of the Complaint.

45.     PACCAR denies the allegations contained in Paragraph 45 of the Complaint.

## COUNT III

### State And Common Law Unfair Competition, 73 P.S. § 201

46.     PACCAR restates and incorporates by reference its responses to the allegations contained in Paragraphs 1-45 as though fully set forth herein.

47.     PACCAR lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 47 of the Complaint and therefore denies them.

48.     PACCAR denies the allegations contained in Paragraph 48 of the Complaint.

49.     PACCAR denies the allegations contained in Paragraph 49 of the Complaint.

50.     PACCAR denies the allegations contained in Paragraph 50 of the Complaint.

51.     Paragraph 51 of the Complaint contains legal conclusions to which no response is required.  To the extent responses are required, PACCAR denies the allegations contained in Paragraph 51 of the Complaint.

52.     Paragraph 52 of the Complaint contains legal conclusions to which no response is required.  To the extent responses are required, PACCAR denies the allegations contained in Paragraph 52 of the Complaint.

53.     PACCAR denies the allegations contained in Paragraph 53 of the Complaint.

## COUNT IV

### Tortious Interference With Business Relations Under Common Law

54.     PACCAR restates and incorporates by reference its responses to the allegations contained in Paragraphs 1-53 as though fully set forth herein.

55.     Paragraph 55 of the Complaint contains legal conclusions to which no response is required.  To the extent responses are required, PACCAR lacks knowledge or information

sufficient to form a belief about the truth of the allegations contained in Paragraph 55 of the Complaint and therefore denies them.

56.     PACCAR admits that it has contacted O'Reilly to inform it of PACCAR's belief that it offers for sale infringing products.  PACCAR denies the remaining allegations contained in Paragraph 56 of the Complaint.

57.     PACCAR lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 57 of the Complaint and therefore denies them.

58.     PACCAR denies the allegations contained in Paragraph 58 of the Complaint.

59.     PACCAR denies the allegations contained in Paragraph 59 of the Complaint.

60.     PACCAR denies the allegations contained in Paragraph 60 of the Complaint.

61.     PACCAR denies the allegations contained in Paragraph 61 of the Complaint.

**AS TO PLAINTIFF'S ALLEGED PRAYER FOR RELIEF**

(a)     PACCAR denies that Dorman is entitled to the relief requested in Paragraph (a) of its Prayer for Relief.

(b)     PACCAR denies that Dorman is entitled to the relief requested in Paragraph (b) of its Prayer for Relief.

(c)     PACCAR denies that Dorman is entitled to the relief requested in Paragraph (c) of its Prayer for Relief.

(d)     PACCAR denies that Dorman is entitled to the relief requested in Paragraph (d) of its Prayer for Relief.

(e)     PACCAR denies that Dorman is entitled to the relief requested in Paragraph (e) of its Prayer for Relief.

(f)     PACCAR denies that Dorman is entitled to the relief requested in Paragraph (f) of its Prayer for Relief.

(g)     PACCAR denies that Dorman is entitled to the relief requested in Paragraph (g) of its Prayer for Relief.

(h)    PACCAR denies that Dorman is entitled to the relief requested in Paragraph (h) of its Prayer for Relief.

## DEFENSES

Without prejudice to the denials set forth in its Answer, without admitting any averments of the Complaint not otherwise admitted, and without undertaking any of the burdens imposed by law on Plaintiff, PACCAR asserts the following separate defenses to the Complaint:

## First Defense

1.    The manufacture, use, sale, offer for sale, and/or importation of Dorman Products Nos. 888-5403 and 888-5404 constitutes direct infringement of the '905 Patent, which is owned by PACCAR and which is presumptively and in fact valid.

## Second Defense

2.    Counts II-IV are subject to dismissal for failure to state a claim upon which relief may be granted.

## Third Defense

3.    Any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIMS

For its counterclaims, Defendant/Counterclaim-Plaintiff PACCAR Inc ("PACCAR") states as follows:

## I.    PARTIES

1.    PACCAR is a corporation duly organized under the laws of the State of Delaware, with its principal place of business at 777 106th Avenue N.E., Bellevue, Washington 98004.

2.    Upon information and belief, Plaintiff/Counterclaim-Defendant Dorman Products, Inc. ("Dorman") is a Pennsylvania corporation with its principal place of business at 3400 East Walnut Street, Colmar, Pennsylvania, 18915.

- 8 -

## II.   JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over PACCAR's counterclaims pursuant to 28 U.S.C. § 1338(a).

4.      This Court has personal jurisdiction over Dorman because, upon information and belief, Dorman is actively and regularly engaged in business in the Commonwealth of Pennsylvania and derives substantial revenues from things used or consumed in the Commonwealth of Pennsylvania. Further, this Court has personal jurisdiction over Dorman because, upon information and belief, Dorman's principal place of business is located within the Commonwealth of Pennsylvania. Personal jurisdiction over Dorman also exists because Dorman has appeared in this Action by filing its Complaint.

5.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## III.   PATENT-IN-SUIT

6.      U.S. Patent No. D426,905 ("the '905 Patent") entitled "Exterior Surface Configuration of a Truck Headlight" lawfully issued from the United States Patent and Trademark Office on June 20, 2000. A copy of the '905 Patent is attached as Exhibit A to the Complaint.

7.      U.S. Patent No. D525,731 ("the '731 Patent") entitled "Truck Headlamp" lawfully issued from the United States Patent and Trademark Office on July 25, 2006. A copy of the '731 Patent is attached as Exhibit 1 hereto.

8.      U.S. Patent No. D526,429 ("the '429 Patent") entitled "Surface Configuration of Truck Headlamp" lawfully issued from the United States Patent and Trademark Office on August 8, 2006. A copy of the '429 Patent is attached as Exhibit 2 hereto.

9.      PACCAR owns all right, title, and interest in and to the '905 Patent, the '731 Patent, and the '429 Patent.

### Background And The Accused Products

10.     Dorman maintains an internet website and is responsible for the content found at http://www.dormanproducts.com and associated web addresses (URLs).

11.     Dorman manufactures, uses, sells, offers to sell, and/or imports within the United States a "Heavy Duty Headlight," Dorman Product No. 888-5401, available at http://www.dormanproducts.com/p-64671-888-5401.aspx.

12.     Dorman manufactures, uses, sells, offers to sell, and/or imports within the United States a "Heavy Duty Headlight," Dorman Product No. 888-5402, available at http://www.dormanproducts.com/p-64676-888-5402.aspx.

13.     Dorman manufactures, uses, sells, offers to sell, and/or imports within the United States a "Heavy Duty Headlight," Dorman Product No. 888-5403, available at http://www.dormanproducts.com/p-64876-888-5403.aspx.

14.     Dorman manufactures, uses, sells, offers to sell, and/or imports within the United States a "Heavy Duty Headlight," Dorman Product No. 888-5404, available at http://www.dormanproducts.com/p-64846-888-5404.aspx.

15.     On or about September 24, 2013, PACCAR contacted Dorman to inform it that sales of products identified as Dorman Products Nos. 888-5401 and 888-5402 constituted infringement of the '731 Patent, and that sales of products identified as Dorman Products Nos. 888-5403 and 888-5404 constituted infringement of the '905 Patent.    A copy of that communication is attached to the Complaint as Exhibit B.

16.     On or about October 22, 2013, PACCAR contacted O'Reilly Automotive Inc. (d/b/a O'Reilly Auto Parts) ("O'Reilly") to inform it that sales of products identified as O'Reilly Products Nos. 888-5403 and 888-5404 constituted infringement of the '905 Patent. A copy of that communication is attached to the Complaint as Exhibit C.

17.     Upon information and belief, Dorman supplies to O'Reilly Dorman Products Nos. 888-5403 and 888-5404 for resale as O'Reilly Products Nos. 888-5403 and 888-5404.

18.     On or about November 1, 2013, PACCAR again contacted O'Reilly to inform it that sales of products identified as O'Reilly Products Nos. 888-5401 and 888-5402 constituted infringement of the '731 Patent and the '429 Patent.    A copy of that communication is attached hereto as Exhibit 3.

19.     Upon information and belief, Dorman supplies to O'Reilly Dorman Products Nos. 888-5401 and 888-5402 for resale as O'Reilly Products Nos. 888-5401 and 888-5402.

**Count I – Infringement of U.S. Patent No. D426,905 (35 U.S.C. § 271)**

20.     PACCAR incorporates and realleges the allegations set forth in paragraphs 1 through 19 of its Counterclaims.

21.     Dorman has directly infringed and continues to directly infringe U.S. Patent No. D426,905 by manufacturing, using, selling, and/or offering to sell in the United States, and/or importing into the United States, a "Heavy Duty Headlight" identified as Dorman Product No. 888-5403.

22.     Dorman has indirectly infringed and continues to indirectly infringe U.S. Patent D426,905 by selling or otherwise distributing for resale and/or use within the United States a "Heavy Duty Headlight" identified as Dorman Product No. 888-5403 with knowledge that the manufacture, use, sale, offer for sale, or importation of that product infringes the '905 Patent.

23.     Dorman has contributed and continues to contribute to infringement of U.S. Patent No. D426,905 by selling or otherwise distributing for resale and/or use within the United States a "Heavy Duty Headlight" identified as Dorman Product No. 888-5403.

24.     Since at least September 24, 2013, Dorman's direct and indirect infringement of U.S. Patent No. D426,905 has been willful.

**Count II – Infringement of U.S. Patent No. D426,905 (35 U.S.C. § 271)**

25.     PACCAR incorporates and realleges the allegations set forth in paragraphs 1 through 24 of its Counterclaims.

26.     Dorman has directly infringed and continues to directly infringe U.S. Patent No. D426,905 by manufacturing, using, selling, and/or offering to sell in the United States, and/or importing into the United States, a "Heavy Duty Headlight" identified as Dorman Product No. 888-5404.

27.     Dorman has indirectly infringed and continues to indirectly infringe U.S. Patent No. D426,905 by selling or otherwise distributing for resale and/or use within the United States a "Heavy Duty Headlight" identified as Dorman Product No. 888-5404 with knowledge that the manufacture, use, sale, offer for sale, or importation of that product infringes the '905 Patent.

28.     Dorman has contributed and continues to contribute to infringement of U.S. Patent No. D426,905 by selling or otherwise distributing for resale and/or use within the United States a "Heavy Duty Headlight" identified as Dorman Product No. 888-5404.

29.     Since at least September 24, 2013, Dorman's direct and indirect infringement of U.S. Patent No. D426,905 has been willful.

**Count III – Infringement of U.S. Patent No. D525,731 (35 U.S.C. § 271)**

30.     PACCAR incorporates and realleges the allegations set forth in paragraphs 1 through 29 of its Counterclaims.

31.     Dorman has directly infringed and continues to directly infringe U.S. Patent No. D525,731 by manufacturing, using, selling, and/or offering to sell in the United States, and/or importing into the United States, a "Heavy Duty Headlight" identified as Dorman Product No. 888-5401.

32.     Dorman has indirectly infringed and continues to indirectly infringe U.S. Patent No. D525,731 by selling or otherwise distributing for resale and/or use within the United States a "Heavy Duty Headlight" identified as Dorman Product No. 888-5401 with knowledge that the manufacture, use, sale, offer for sale, or importation of that product infringes the '731 Patent.

33.     Dorman has contributed and continues to contribute to infringement of U.S. Patent No. D525,731 by selling or otherwise distributing for resale and/or use within the United States a "Heavy Duty Headlight" identified as Dorman Product No. 888-5401.

34.     Since at least September 24, 2013, Dorman's direct and indirect infringement of U.S. Patent No. D525,731 has been willful.

**Count IV – Infringement of U.S. Patent No. D525,731 (35 U.S.C. § 271)**

35.     PACCAR incorporates and realleges the allegations set forth in paragraphs 1 through 34 of its Counterclaims.

36.     Dorman has directly infringed and continues to directly infringe U.S. Patent No. D525,731 by manufacturing, using, selling, and/or offering to sell in the United States, and/or importing into the United States, a "Heavy Duty Headlight" identified as Dorman Product No. 888-5402.

37.     Dorman has indirectly infringed and continues to indirectly infringe U.S. Patent No. D525,731 by selling or otherwise distributing for resale and/or use within the United States a "Heavy Duty Headlight" identified as Dorman Product No. 888-5402 with knowledge that the manufacture, use, sale, offer for sale, or importation of that product infringes the '731 Patent.

38.     Dorman has contributed and continues to contribute to infringement of U.S. Patent No. D525,731 by selling or otherwise distributing for resale and/or use within the United States a "Heavy Duty Headlight" identified as Dorman Product No. 888-5402.

39.     Since at least September 24, 2013, Dorman's direct and indirect infringement of U.S. Patent No. D525,731 has been willful.

**Count V – Infringement of U.S. Patent No. D526,429 (35 U.S.C. § 271)**

40.     PACCAR incorporates and realleges the allegations set forth in paragraphs 1 through 39 of its Counterclaims.

41.     Dorman has directly infringed and continues to directly infringe U.S. Patent No. D526,429 by manufacturing, using, selling, and/or offering to sell in the United States, and/or importing into the United States, a "Heavy Duty Headlight" identified as Dorman Product No. 888-5401.

42.     Dorman has contributed and continues to contribute to infringement of U.S. Patent No. D526,429 by selling or otherwise distributing for resale and/or use within the United States a "Heavy Duty Headlight" identified as Dorman Product No. 888-5401.

**Count VI – Infringement of U.S. Patent No. D526,429 (35 U.S.C. § 271)**

43.     PACCAR incorporates and realleges the allegations set forth in paragraphs 1 through 42 of its Counterclaims.

44.     Dorman has directly infringed and continues to directly infringe U.S. Patent No. D526,429 by manufacturing, using, selling, and/or offering to sell in the United States, and/or importing into the United States, a "Heavy Duty Headlight" identified as Dorman Product No. 888-5402.

45.     Dorman has contributed and continues to contribute to infringement of U.S. Patent No. D526,429 by selling or otherwise distributing for resale and/or use within the United States a "Heavy Duty Headlight" identified as Dorman Product No. 888-5402.

## IV.     REQUEST FOR RELIEF

Wherefore, PACCAR respectfully requests that the Court enter judgment against Dorman as follows:

(a)     Finding that: (1) Dorman has infringed both directly and indirectly, and has contributed to the infringement of U.S. Patent No. D426,905; (2) Dorman has infringed both directly and indirectly, and has contributed to the infringement of U.S. Patent No. D525,731; and (3) Dorman has directly infringed and has contributed to the infringement of U.S. Patent No. D526,429;

(b)     Enjoining Dorman from continuing to manufacture, use, sell, offer for sale, import, or otherwise distribute the products identified as Dorman Products Nos. 888-5401, 888-5402, 888-5403, and 888-5404;

(c)     Awarding PACCAR damages adequate to compensate it for Dorman's infringement of the '905 Patent, the '731 Patent, and the '429 Patent, and in no event less than the total profits Dorman has realized for its adjudged acts of infringement, pursuant to 35 U.S.C. § 289, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(d)     Awarding PACCAR damages, including treble damages, based on any
infringement found to be willful, pursuant to 35 U.S.C. § 284, together with
pre-judgment interest;

(e)     Awarding PACCAR its costs, attorneys' fees, investigatory fees, and expenses
to the full extent provided by applicable statutes including, but not limited to,
35 U.S.C. § 285; and

(f)     Awarding PACCAR such additional relief as the Court deems just and proper.

## V.     JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, PACCAR respectfully
requests a trial by jury in this matter.

Dated this 14th day of November, 2013.

Respectfully submitted,

Stanley H. Cohen (I.D. No. 12095)
CAESAR, RIVISE, BERNSTEIN,
COHEN & POKOTILOW, LTD.
12th Floor, Seven Penn Center
1635 Market Street
Philadelphia, PA 19103-2212
Telephone:  215.567.2010
Facsimile:  215.751.1142
Email:  scohen@crbcp.com

John D. Denkenberger
James W. Anable
Brian F. McMahon
CHRISTENSEN O'CONNOR
JOHNSON KINDNESS[PLLC]
1420 Fifth Avenue, Suite 2800
Seattle, WA  98101-2347
Telephone:  206.682.8100
Facsimile:  206.224.0779
E-mail:  john.denkenberger@cojk.com,
james.anable@cojk.com,
brian.mcmahon@cojk.com,
litdoc@cojk.com
Attorneys for Defendant PACCAR Inc

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Anthony S. Volpe, Esq.
Volpe and Koenig, P.C.
avolpe@vklaw.com

Stanley H. Cohen