**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DORMAN PRODUCTS, INC.,**<br>　　　　　　**Plaintiff,** | **CIVIL ACTION** |
| **v.** | |
| **PACCAR, INC.,**<br>　　　　　　**Defendant.** | **NO.  13-6383** |

**DuBOIS, J.**　　　　　　　　　　　　　　　　　　　　　　　**June 16, 2014**

# M E M O R A N D U M

## I.　　INTRODUCTION

　　This is a patent case in which plaintiff, Dorman Products, Inc. ("Dorman"), alleges that defendant's patent — U.S. Patent No. 426,905 ("the '905 Patent") — is invalid, and seeks a declaratory judgment to that effect.  Defendant, PACCAR, Inc. ("PACCAR"), alleges in its counterclaim that Dorman is infringing the '905 Patent and two other patents — U.S. Patent No. D525,731 ("the '731 Patent") and U.S. Patent No. D526,429 ("the '429 Patent').  Before the Court are two motions: Dorman's Motion to Stay pending *Inter Partes* Review, and PACCAR's Motion for Leave to File a Motion for Summary Judgment.  The Court addresses each in turn.

## II.　　ANALYSIS

### A.  Motion to Stay Pending *Inter Partes* Review

　　Dorman has filed a Motion to Stay this case pending *Inter Partes* Review ("IPR") of the '731 and '429 patents by the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("PTO").

　　"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself,

for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

In determining whether to stay an action pending IPR, "courts consider the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Destination Maternity Corp. v. Target Corp.*, No. 12-cv-5680, 2014 WL 1202941, at *2 (E.D. Pa. Mar. 24, 2014) (internal quotation marks omitted). In this case, the Court concludes that all three factors weigh in favor of staying the litigation.

   i.   *Whether a Stay Would Unduly Prejudice or Present a Clear Tactical Disadvantage to the Non-moving Party*

In examining whether a party will suffer undue prejudice or a clear tactical disadvantage, courts look to four sub-factors: (1) the timing of the request for IPR; (2) the timing of the request for stay; (3) the status of the IPR proceedings; and (4) the relationship of the parties. *SenoRx, Inc. v. Hologic, Inc.*, No. 12-cv-173, 2013 WL 144255, at *6 (D. Del. Jan. 11, 2013). The Court addresses each sub-factor in turn.

   a.   The Timing of the Request for IPR

The first sub-factor is the timing of the request for IPR. While a request for IPR "made well after the onset of litigation . . . may lead to an inference that the moving party is seeking an inappropriate tactical advantage," *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, No. 08-cv-63, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010), that is not the case here. In this case, the request for IPR was made in March 2014, approximately six months after PACCAR sent Dorman a cease-and-desist letter claiming infringement of the '731 Patent and four months after PACCAR filed its counterclaim alleging infringement of the '429 Patent. The Court concludes that such a timeframe was not unreasonable and does not lead to an inference that Dorman is

2

seeking an inappropriate tactical advantage.  Thus, this sub-factor therefore weighs in favor of a stay.  *See, e.g.*, *Destination Maternity Corp.*, 2014 WL 1202941, at *3 (delay of just under four months not unreasonable); *Software Rights Archive, LLC v. Facebook, Inc.*, No. 12-3970, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013) (delay of four months not unreasonable).

### b.  The Timing of the Request for Stay

The second sub-factor is the timing of the request for a stay.  Dorman filed the instant Motion to Stay approximately two weeks after its request for IPR.  The Court concludes that such a delay was not unreasonable and does not lead to an inference that Dorman is seeking an inappropriate tactical advantage.  Accordingly, this sub-factor weighs in favor of a stay.

### c.  The Status of the IPR Proceedings

The third sub-factor is the status of the IPR proceedings.  The IPR proceedings were recently filed, in March 2014, and may extend into late 2015, thus militating against a stay.  *See* 25 U.S.C. §§ 314(a), 316(a)(11) (requiring initiation of IPR within six months of filing and a decision within twelve months thereafter).

### d.  The Relationship of the Parties

The final factor in determining whether a party will suffer undue prejudice or a clear tactical disadvantage is the relationship of the parties.  PACCAR argues that the relationship of the parties militates against a stay because "Dorman's products compete directly with PACCAR's . . . resulting in a potential for loss of market share and erosion of PACCAR's prices and goodwill."  Def.'s Opp. 9.  While it is true that "Courts are more likely to find undue prejudice when the parties are direct competitors," *Air Vent, Inc. v. Owens Corning Corp.*, No. 10-cv-01699, 2012 WL 1607145, at *3 (W.D. Pa. May 8, 2012), in this case, two facts undermine PACCAR's contention.  First, it is unclear that the parties are in fact direct

3

competitors; PACCAR does not allege as much in its counterclaim, and PACCAR's own description of the parties suggests otherwise.  PACCAR describes itself as an "original equipment manufacturer" of headlamps, Def.'s Opp. 9,  while describing Dorman as a seller of "truck headlamps for *aftermarket* use," *id*. at 8 (emphasis added).  Thus, it appears that the parties sell their products to different markets.  Second, PACCAR has not moved for a preliminary injunction in this case, which undermines its arguments regarding undue prejudice. *See, e.g.*, *Zillow, Inc. v. Trulia, Inc.,* No. 12–1549, 2013 WL 5530573, at *6 (W.D.Wash. Oct. 7, 2013) ("Many courts have found . . . that attempts by a patentee to argue undue prejudice are undermined if the patentee has elected not to pursue preliminary injunctive relief.").  Thus, this sub-factor militates in favor of a stay.

    Having analyzed and weighed the four sub-factors, the Court concludes that a stay would not unduly prejudice or present a clear tactical disadvantage to PACCAR.  Accordingly, this factor weighs in favor of a stay.  The Court's decision on this issue is without prejudice to PACCAR's right to move for a *vacatur* of the stay if it can present evidence that the parties are direct competitors and that there is a likelihood of prejudice that cannot be remedied through monetary compensation at the conclusion of the litigation.

    *ii.  Whether a Stay Will Simplify the Issues in Question and Trial of the Case*

    The second factor is whether a stay will simplify the issues in the case.  PACCAR argues it will not because Dorman has requested IPR on only two of the three patents involved in this suit.  The Court rejects this argument.  "[C]ourts have found significant potential for issue simplification even in cases where some but not all of the asserted claims are subject to PTO review."  *Destination Maternity Corp.*, 2014 WL 1202941, at * 5.  In this case, review by the PTO may eliminate significant issues relating to two of the three patents involved in the case,

and, in any event, the "Court will likely benefit . . . from the PTO's analysis of prior art that is later presented to the Court." *SenoRx*, 2013 WL 144255, at *4. Accordingly, this factor weighs in favor of a stay.

   *iii. Whether Discovery is Complete and Whether a Trial Date has Been Set*

   The final factor is whether discovery is complete and whether a trial date has been set. In this case, discovery is not yet closed, and no trial date has been set. Under the current Scheduling Order, remaining fact discovery does not end until August 29, 2014. Am. Sch. Order ¶ 1 (Document No. 41). Furthermore, although the case will be placed in the Court's trial pool on July 1, 2015, it has not been specially listed for trial. Accordingly, the Court concludes that this factor weighs in favor of a stay.

   Because all three factors weigh in favor of a stay, the Court grants Dorman's Motion to Stay the litigation pending IPR.

  **B. PACCAR Motion for Leave to File a Motion for Summary Judgment**

   During the Court's scheduling conference with the parties, defendant raised the issue of filing an early motion for summary judgment solely on the issue of patent infringement. At that time, the Court stated that it would consider the issue, and, in its first Scheduling Order, the Court noted that if Dorman objected to the filing of early summary judgment motions, PACCAR may file a motion explaining why an earlier date is appropriate. Sch. Order. ¶ 5 n.2 (Document No. 22). PACCAR filed such a motion, and Dorman responded. Having reviewed the documents, the Court concludes that an earlier summary judgment motion would not significantly promote judicial economy and thus denies PACCAR's motion. When the stay of this case is vacated, the Court will schedule further proceedings, including a date for filing summary judgment motions. At that time and the parties may file summary judgment motions

on all issues.

### III.    CONCLUSION

For the foregoing reasons, the Court grants Dorman's Motion to Stay pending *Inter Partes* Review, and denies PACCAR's Motion for Leave to File a Motion for Summary Judgment.  An appropriate order follows.