IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DORMAN PRODUCTS, INC.,**<br>           **Plaintiff,** | **CIVIL ACTION** |
| v. | |
| **PACCAR, INC.,**<br>           **Defendant.** | **NO.  13-6383** |

# O R D E R

**AND NOW**, this 22nd day of August, 2016, upon consideration of plaintiff Dorman Products, Inc.'s ("Dorman") Motion for Summary Judgment (Doc. No. 118, filed April 29, 2016), Dorman's *Daubert* Motion (Doc. No. 119, filed April 29, 2016), defendant PACCAR, Inc.'s ("PACCAR") Motion to Exclude (Doc. No. 120, filed May 2, 2016), PACCAR's Motion for Summary Judgment (Doc. No. 121, filed May 2, 2016), PACCAR's Response to Dorman's *Daubert* Motion (Doc. No. 125, filed June 3, 2016), Dorman's Motion to Exclude the Declaration of John D. Blumenstein (Doc. No. 126, filed June 3, 2016), Dorman's Response to PACCAR's Motion to Exclude (Doc. No. 127, filed June 3, 2016), PACCAR's Response to Dorman's Motion for Summary Judgment (Doc. No. 128, filed June 3, 2016), Dorman's Response to PACCAR's Motion for Summary Judgment (Doc. No. 129, filed June 3, 2016), PACCAR's Reply in Support of its Motion for Summary Judgment (Doc. No. 131, filed June 17, 2016), PACCAR's Response to Dorman's Motion to Exclude the Declaration of John D. Blumenstein (Doc. No. 133, filed June 17, 2016), Dorman's Reply in Support of its Motion for Summary Judgment (Doc. No. 135, filed June 17, 2016), Dorman's Reply in Support of its *Daubert* Motion (Doc. No. 138, filed June 17, 2016), PACCAR's Reply in Support of its Motion to Exclude (Doc. No. 140, filed June 17, 2016), Dorman's Brief on *Medicines Co. v. Hospira* (Doc. No. 143, filed July 22, 2016), PACCAR's Brief on *Medicines Co. v. Hospira* (Doc. No.

144, filed July 22, 2016), Dorman's Brief on Admissibility of Third-Party On-Sale Bar Documents (Doc. No. 147, filed August 5, 2016), and PACCAR's Brief on Inadmissibility of Third-Party On-Sale Bar Documents (Doc. No. 148, filed August 5, 2016), following oral argument on August 1, 2016, for the reasons set forth in the accompanying Memorandum dated August 22, 2016, **IT IS ORDERED** as follows:

1. Dorman's Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**, as follows:

    a. Dorman's Motion for Summary Judgment that U.S. Design Patents Nos. 426,905 ("the '905 patent"), 525,731 ("the '731 patent"), and 526,429 ("the '429 patent") are invalid on the ground of the on-sale bar under 35 U.S.C. § 102(b) is **DENIED**.

    b. Dorman's Motion for Summary Judgment that the '429 patent is invalid on the ground of the public disclosure bar under 35 U.S.C. § 102(b) is **DENIED**.

    c. Dorman's Motion for Summary Judgment on the ground that Dorman Part No. 888-5403 does not infringe the '731 patent due to a disavowal of scope during prosecution is **DENIED**.

    d. Dorman's Motion for Summary Judgment on the ground that PACCAR's claims for willful infringement fail as a matter of law is **GRANTED**;

2. PACCAR's Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**, as follows:

    a. PACCAR's Motion for Summary Judgment on Dorman's affirmative defense of invalidity of the '905 patent, the '731 patent, and the '429 patent based on the on-sale bar under 35 U.S.C. § 102(b) is **GRANTED**.

    b. PACCAR's Motion for Summary Judgment on the ground that the accused Dorman products infringe the '905 patent, the '731 patent, and the '429 patent is **DENIED**.

    c. PACCAR's Motion for Summary Judgment on the ground that Dorman's business tort claims fail as a matter of law is **GRANTED**;

  3. Dorman's *Daubert* Motion is **GRANTED IN PART** and **DENIED IN PART**, as follows:

    a. That part of Dorman's Motion that seeks to exclude the expert testimony of Cooper Woodring is **GRANTED**.

    b. That part of Dorman's Motion that seeks to exclude the expert testimony of Michael Wagner is **DENIED**.

    c. That part of Dorman's Motion that seeks to exclude the testimony of John D. Blumenstein is **GRANTED IN PART** and **DENIED IN PART**. Mr. Blumenstein may testify regarding practice and procedure in the prosecution of design patents before the United States Patent and Trademark Office. He also may, to the extent that he is qualified as an expert, offer an expert opinion on the significance of the lines and hashing in the patent figures or other relevant matters. The Motion is **GRANTED** in all other respects. Specifically, Mr. Blumenstein may not testify to his subjective belief or intent regarding the scope of the patents in suit based on his experience as the illustrator of the patents;

  4. PACCAR's *Daubert* Motion to exclude the testimony of Michael Nranian is **GRANTED IN PART**, **DENIED IN PART AS MOOT**, and **DENIED IN PART**. Mr. Nranian may not testify regarding whether the 2004 PACCAR dealer meeting was open to the public.

4

That part of PACCAR's *Daubert* Motion that seeks to exclude Mr. Nranian's opinions on the on-sale bar is **DENIED AS MOOT**. PACCAR's *Daubert* Motion is **DENIED** in all other respects.

    **IT IS FURTHER ORDERED** that a telephone conference for the purpose of scheduling further proceedings will be conducted in due course.

        **BY THE COURT:**

        **/s/ Hon. Jan E. DuBois**

          **DuBOIS, JAN E., J.**