IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PACCAR, INC., <br>     Plaintiff, <br><br> v. <br><br> DORMAN PRODUCTS, INC., <br>     Defendant. | CIVIL ACTION <br><br><br><br> NO. 13-6383 |

DuBois, J.                                                                                                December 20, 2016

## M E M O R A N D U M

### I.      INTRODUCTION

This case involves the alleged infringement of three design patents for truck headlights owned by PACCAR, Inc. ("PACCAR") by aftermarket replacement headlights sold by Dorman Products, Inc. ("Dorman"). Presently before the Court is Dorman's Motion for Certification Pursuant to 28 U.S.C. § 1292(b). For the reasons that follow, Dorman's Motion is denied.

### II.     BACKGROUND

The pertinent facts and procedural history are summarized as follows. In its Memorandum and Order dated August 22, 2016, the Court granted PACCAR's Motion for Summary Judgment with respect to Dorman's affirmative defense of invalidity of the three patents based on the on-sale bar under 35 U.S.C. § 102(b) and denied Dorman's Motion for Summary Judgment on the same issue. *See Dorman Products, Inc. v. PACCAR, Inc.*, --- F. Supp. 3d ----, 2016 WL 4440322 (E.D. Pa. Aug. 23, 2016). That Memorandum contains additional factual background, procedural history, and details of the underlying patents in the case. Dorman filed this Motion for Certification Pursuant to 28 U.S.C. § 1292(b) on September 1, 2016, seeking certification for interlocutory review by the United States Court of Appeals for

the Federal Circuit of this Court's Order of August 22, 2016. PACCAR filed its Response opposing certification on September 19, 2016.

### A. The on-sale bar of 35 U.S.C. § 102(b) as clarified in *Medicines*, 827 F.3d 1363 (Fed. Cir. 2016)

In concluding in its Memorandum dated August 22, 2016, that the on-sale bar did not apply to the three patents at issue in this case, this Court relied on the recent decision of the United States Court of Appeals for the Federal Circuit in *The Medicines Company v. Hospira, Inc.*, 827 F.3d 1363 (Fed. Cir. 2016) (en banc) ("*Medicines*"). The *Medicines* opinion clarified the first prong of the two-prong test for applicability of the on-sale bar: whether the claimed invention "was the subject of a commercial sale" before the critical date. *Medicines*, 827 F.3d at 1372 (citing *Pfaff v. Wells, Inc.*, 525 U.S. 55, 67-68 (1998); *see Pfaff*, 525 U.S. at 67-68 ("[T]he on-sale bar applies when two conditions are satisfied before the critical date. First, the product must be the subject of a commercial offer for sale . . . . Second, the invention must be ready for patenting."). The Federal Circuit stated that "the transaction at issue must be a sale in a commercial law sense," and clarified that "the mere sale of manufacturing services by a contract manufacturer to an inventor to create embodiments of a patented product for the inventor does not constitute a commercial sale of the invention." *Id.* at 1373 (internal quotation marks and citations omitted). *Medicines* "explain[ed] that commercial benefit—even to both parties in a transaction—is not enough to trigger the on-sale bar of § 102(b); the transaction must be one in which the product is 'on-sale' in the sense that it is 'commercially marketed.'" *Id.*

The Federal Circuit concluded that the sale at issue in *Medicines* was not a commercial sale because "(1) only manufacturing services were sold to the inventor—the invention was not; (2) the inventor maintained control of the invention, as shown by the retention of title to the embodiments and the absence of authorization to [the manufacturer] to sell the product to others;

and (3) 'stockpiling,' standing alone, does not trigger the on-sale bar.'" *Id.* at 1373-74. Additionally, the Federal Circuit stated that, while "not disqualifying in all instances," "the confidential nature of the transactions is a factor which weighs against the conclusion that the transactions were commercial in nature." *Id.* at 1376. While *Medicines* did not recognize a "blanket supplier exception," the Federal Circuit stated that "[t]he focus must be on the commercial character of the transaction, not solely on the identity of the participants." *Id.* at 1380.

### B. This Court's Memorandum dated August 22, 2016

This Court relied on *Medicines*' clarification of the commercial limitation on *Pfaff*'s first prong in concluding that the offers for sale in this case were not commercial transactions and thus did not trigger the on-sale bar. *Dorman Products,* 2016 WL 4440322, at *5-6. Specifically, this Court analyzed whether the nature of the two transactions at issue—price quotations from two headlight manufacturers—were commercial. With respect to one quotation, the Court concluded that while the quotation was an offer for sale because it would have created a binding contract upon acceptance, it was not commercial because "it was a transaction between the patentee . . . and a supplier," the terms were "consistent with a contract for manufacturing services, rather than the sale of a product at market value," "PACCAR retained title to the headlights," the manufacturer "was not free to market the headlights or the design of said to third parties," the offer was confidential, and "the headlights were not produced in commercial amounts until after the critical date." *Id.* at *5-6. With respect to the other quotation, the Court likewise concluded that it was an offer for sale, but that it was not commercial because PACCAR retained control of the invention and the manufacturer was "not free to market the headlights or claimed designs to third parties," the offer was confidential, the "quotation has other terms characteristic of a manufacturing contract . . . and was not a sale of a commercial embodiment of

3

the patented design at full price," and "the headlights were not produced in commercial quantities until after the critical date." *Id.* at \*6.

### III. APPLICABLE LAW

A district court has discretion to certify an order that would otherwise not be appealable for interlocutory appeal when the district court is "of the opinion that such order [(1)] involves a controlling question of law as to which [(2)] there is substantial ground for difference of opinion and [(3)] that an immediate appeal from the order may materially advance the termination of the litigation." 28 U.S.C. § 1292(b); *see Morgan v. Ford Motor Co.*, Civ. No. 06-1080, 2007 WL 269806, at \*2 (D.N.J. Jan. 25, 2007) ("[E]ven if all three criteria . . . are met, the district court may still deny certification, as the decision is entirely within the district court's discretion.").

In order to certify an order under § 1292(b), the district court must conclude that all three requirements have been met. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (citations omitted); *see also Interwave Tech., Inc. v. Rockwell Automation, Inc.*, Civ. No. 05-0398, 2006 WL 401843, at \*5 (E.D. Pa. Feb. 16, 2006) ("When there is no substantial ground for a difference of opinion, certification for appeal can be denied on this ground alone." (citation omitted)). The party moving for certification bears the burden of establishing that all three requirements of § 1292(b) have been met. *Litgo N.J., Inc. v. Martin*, Civ. No. 06-2891, 2011 WL 1134676, at \*2 (D.N.J. Mar. 25, 2011) (citations omitted).

### IV. DISCUSSION

The Court concludes that Dorman has not met its burden of showing that all three criteria for certification have been met. The Court's decision is based on the second criteria for certification, which requires that there be substantial grounds for difference of opinion on the issue presented. "Substantial grounds for difference of opinion exist where there is genuine doubt or conflicting precedent as to the correct legal standard." *Hall v. Wyeth*, Civ. No. 10-738,

2010 WL 4925258, at *2 (E.D. Pa. Dec. 2, 2010).  "The clearest evidence of substantial grounds for difference of opinion is where there are conflicting interpretations from numerous courts." *Knopnick v. Downey*, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013).  While a lack of controlling authority on a specific issue may constitute substantial grounds, *Hall,* 2010 WL 49225258, at *2, it does not necessarily do so.  *Keystone Tobacco Co., Inc. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 239 (D.D.C. 2003) (citation omitted).

Dorman argues that there are substantial grounds for difference of opinion with respect to "the correct interpretation and application" of the commercial requirement articulated in *Medicines* to offers for sale.  Specifically, Dorman contends that there are substantial grounds for difference of opinion because (1) no cases apply *Medicines*, the facts of which involved a sale, to circumstances involving offers for sale; (2) *Medicines* "is not squarely on point" for cases involving offers for sale, and (3) this Court's application of *Medicines* is inconsistent with the Federal Circuit's holding in *Hamilton Beach Brands, Inc. v. Sunbeam Products*, 726 F.3d 1370 (Fed. Cir. 2013), that there is no blanket supplier exception to the on-sale bar.  Dorman Mem. Supp. Mot. 5-6.  The Court addresses each of these arguments in turn.

First, the lack of other cases applying *Medicines* to circumstances involving offers for sale does not support a conclusion that there are substantial grounds for difference of opinion with respect to its application to offers for sale.  The *Medicines* opinion is relatively recent—it was decided on July 11, 2016—and the lack of reliance on the *Medicines* opinion by other courts does not in and of itself create substantial grounds for a difference of opinion.  *See Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 724 (N.D. Tex. 2006) ("[S]imply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement.") (citation omitted).

Second, Dorman's argument that *Medicines* is not "squarely on point" to cases involving offers for sale fails because the *en banc Medicines* opinion makes clear that the transaction at issue must be commercial in order for on-sale bar to apply. *Medicines*, 827 F.3d at 1373, 1378. The commercial requirement clarified by *Medicines* is not limited to sales; rather, the opinion discusses both sales and offers for sale in its clarification of *Pfaff*'s first prong. *See, e.g., Medicines*, 827 F.3d at 1373 ("[A]s a general proposition, we will look to the Uniform Commercial Code to define whether . . . a communication or series of communications rises to the level of a commercial offer for sale."). The opinion reiterates that, "to be true to *Pfaff* when assessing prong one of § 102(b), [a court] must focus on those activities that would be understood to be commercial sales and offers for sale 'in the commercial community.'" *Medicines*, 827 F.3d at 1373 (citing *Group One, Ltd. v. Hallmark Cards, Inc.*, 254 F.3d 1041, 1047) (Fed. Cir. 2001)) (emphasis added). While the *Medicines* opinion specifically clarifies that "the mere sale of manufacturing services by a contract manufacturer to an inventor to create embodiments of a patented product for the inventor does not constitute a 'commercial sale' of the invention," it also states that "[i]t is well-settled that mere preparations for commercial sales are not themselves 'commercial sales' or 'commercial offers for sale' under the on-sale bar." *Id.* at 1373, 1377 (citation omitted).

*Medicines* thus articulates controlling law that is directly applicable to this case—in order to trigger the on-sale bar, "there must be a commercial sale or offer for sale," and there was none in this case. *Id.* at 1378. As required by *Medicines*, this Court examined the characteristics of the transactions in this case—offers for sale—to determine whether they were commercial and concluded that they were not.

Finally, this Court's Order of August 22, 2016, is not inconsistent with the Federal Circuit's holdings in *Hamilton Beach* and *Medicines* that there is no blanket supplier exception

to the on-sale bar.  *Medicines*, 827 F.3d at 1379-80.  This Court did not rely on a blanket supplier exception in its Memorandum; instead, it did as the *Medicines* opinion instructed and focused on the "character of the transaction [and] not solely on the identity of the participants," and concluded that the offers for sale in this case were not commercial transactions.  *Medicines*, 827 F.3d at 1380; *see Dorman Products,* 2016 WL 4440322, at *5.  Furthermore, this Court reached a question that the *Hamilton Beach* decision did not—whether the transaction at issue was commercial in nature.  Relying on the reasoning of *Hamilton Beach*, this Court found that the transactions at issue were sufficiently definite to constitute offers for sale.  *Id.* at *5-6.  However, unlike *Hamilton Beach*, the Court went on to analyze whether the offers for sale were commercial and concluded that, under *Medicines*, they were not.  *Id. Medicines* distinguished *Hamilton Beach* on this point, stating that the inventor in *Hamilton Beach* only argued that the offer was insufficiently firm to constitute a commercial offer for sale and did not argue "that no commercial sale of the patented product would occur if the inventor purchased it from its supplier."  *Medicines*, 827 F.2d at 1380.

The Court concludes that Dorman has not met its burden of showing that substantial grounds for difference of opinion exists with respect to the application of *Medicines* to situations involving offers for sale.  Dorman's Motion for Certification Pursuant to 28 U.S.C. § 1292(b) is denied on this ground alone.  The Court thus does not address the remaining requirements for certification—whether the challenged ruling involves a controlling question of law or whether an immediate appeal would materially advance the termination of the litigation.

## V.     CONCLUSION

For the foregoing reasons, Dorman's Motion for Certification Pursuant to 28 U.S.C. § 1292(b) is denied.  An appropriate order follows.